# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Dustin Oliver Jones*
Case No. 1:21-cr-00004-TMB-1

By:                THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:        ORDER FROM CHAMBERS

This Order follows the Court's oral ruling denying the Government's oral motion to introduce certain evidence under Federal Rule of Evidence ("Rule") 404(b). The Court **DENIES** the motion for the reasons stated below.

On June 28, 2022, the Government filed a Notice of 404(b) Material (the "Notice) in which it gave notice of its intent to introduce evidence of Defendant Dustin Oliver Jones's prior bad acts in its case in chief.[1] Namely, the Government stated it expected to introduce the following testimony from three witnesses that Jones was engaging in drug trafficking activities leading up to his arrest on November 14, 2020:

- The first witness will testify that they met the defendant at a half-way house in 2018, and subsequently lived with the defendant at the witness' residence. During that time, the witness and the defendant began shipping and receiving narcotics, which continued through July of 2020. This evidence will be used to show that the defendant had the intent to distribute drugs during the course of the conspiracy as well as evidence to show that the defendant had the intent to distribute the narcotics seized from the F/V CHASER on November 14, 2020.

- The second witness will testify that the defendant met a source of supply for narcotics in May of 2020. Additionally, the witness will testify that they met the defendant in Washington State with two drug mules traveling to Alaska in late June of 2020.

- The third witness will testify that the defendant and the witness agreed to ship a vehicle to Prince of Whales Island for the witness. The defendant subsequently asked Alaska Marine Lines to divert the vehicle to Ketchikan, Alaska, in which a third party picked up the vehicle. The third party took the vehicle to the interisland ferry where it was stopped by police. A dog search of the vehicle resulted in a positive hit for controlled substances in which no narcotics were found. During that time, the third party had control of the vehicle for approximately twenty minutes without observation. The government also

---

[1] Dkt. 196 (Notice).

expects to elicit testimony from one or more law enforcement officers about the events leading up to the search of the vehicle sent to the third witness.[2]

The Government argued Jones's "subjective knowledge and intent are central issues in this case, and his prior involvement in distributing controlled [substances] is highly material."[3] It added,

> The transactions described in the witness testimony represent the same sort of conduct that is reflected in Count 1 of the Indictment. The testimony of the witnesses is strong evidence that the transactions actually occurred. And the transactions at issue took place in the months immediately before Counts 2 and 3 of the Indictment and after Count 1 of the Indictment.[4]

Jones did not file a motion or otherwise respond to the Notice prior to the start of trial.

This morning before jury selection, the Government orally moved to introduce the evidence described in the Notice. Jones objected on the basis that these alleged prior bad acts are not sufficiently similar to the charged offenses under Rule 404(b) and that the testimony is substantially more prejudicial than probative under Rule 403.

Under Rule 404(b)(1), evidence of a defendant's prior conviction, wrong, or act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[5] "This prohibition reflects the 'underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.'"[6] However, because such evidence "may be highly relevant,"[7] Rule 404(b)(2) provides that it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[8] To introduce evidence under Rule 404(b),

> The Government carries the burden to prove that the proposed evidence satisfies four requirements:
>
> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) . . . the act is similar to the offense charged (similarity).[9]

---

[2] Dkt. 196 at 2–3.

[3] *Id.* at 4.

[4] *Id.*

[5] Fed. R. Evid. 404(b)(1).

[6] *United States v. Verduzco*, 373 F.3d 1022, 1026 (9th Cir. 2004).

[7] *Id.*

[8] Fed. R. Evid. 404(b)(2).

[9] *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).

2

If the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[10]

The Court concludes the disputed testimony is inadmissible under Rule 404(b) at this time. Beginning with the car Jones purportedly shipped to his sister, the Government concedes that law enforcement found no drugs in the vehicle.[11] The evidence is therefore insufficient to establish Jones was using the car to ship controlled substances.[12] The remaining disputed testimony presents a closer issue. Nevertheless, the Court is not compelled at this time to conclude that the evidence is sufficiently similar or probative, particularly when Jones has not yet contested his knowledge or intent.[13] Likewise, on balance, the Court finds at this time that the danger of unfair prejudice to Jones substantially outweighs the probative value of this evidence under Rule 403.[14]

As the Court noted in its oral ruling, the Government may move again to introduce this evidence if Jones opens the door. The Government shall not refer to these prior bad acts unless and until the Court orders otherwise, and the Government shall so instruct its witnesses.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 11, 2022.

---

[10] Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

[11] *See, e.g.*, Dkt. 196 at 3 (noting "no narcotics were found").

[12] *Charley*, 1 F.4th at 647 (the evidence must be sufficient to support a finding that defendant committed the other act).

[13] *See United States v. Torres*, 824 F. App'x 467, 469 (9th Cir. 2020) (unpublished) (noting in drug trafficking case that "the district court did not allow the government to introduce [evidence of the defendant's prior drug trafficking conviction] until after it determined that Torres had put at issue his knowledge and intent").

[14] Fed. R. Evid. 403.

3